PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
STEVEN POTTER

MARK A. CAMERON (Bar No. 100449)
THOMAS S. McCONNELL (Bar No. 132932)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Walnut Creek, California 94596
Telephone: 925/935-9400
Facsimile: 925/933-4126

Attorney for Defendants
RASPUTIN'S RECORDS, INC.;
KENNETH SARACHAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN POTTER<br><br>   Plaintiff,<br><br>v.<br><br>RASPUTIN'S RECORDS, INC.;<br>KENNETH SARACHAN<br>; and DOES 1-10, Inclusive,<br><br>   Defendants. | CASE NO. C15-2156 LB<br><br>**CONSENT DECREE AND**<br>[PROPOSED] **ORDER** |

1.  Plaintiff STEVEN POTTER ("Plaintiff") filed a Complaint in the above-captioned "Lawsuit" on May 13, 2015, to obtain recovery of damages for his alleged discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants RASPUTIN'S RECORDS, INC. (actually named Rasputin Music, Inc.) ("Rasputin")

and KENNETH SARACHAN ("Sarachan") (collectively referred to as "Defendants"), relating to the condition of public accommodations as of July 3, 2014, and continuing, at a public store operated by Rasputin as described below. Plaintiff has alleged that Defendants violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 *et seq.* of the California Health & Safety Code; and sections 17200 *et seq.* of the California Business and Professions Code by allegedly failing to provide full and equal access to store facilities at 2401 Telegraph Ave., Berkeley, California (the "Music Store"). Defendants have asserted multiple alleged defenses.

2. On January 13, 2016 the Parties engaged in mediation and entered a written "Stipulation to Settle" ("Stipulation") before the Honorable Judge Steven A. Brick. The Stipulation contemplated entry of this Consent Decree and Order and also required included specific access improvements described in **Attachment A** to this Consent Decree and Order. The Stipulation itself (without original exhibits) is **Attachment B** to this Consent Decree and Order. The Stipulation also contemplated Plaintiff's execution of a standard form release, which is **Attachment C** to this Consent Decree and Order.

3. Plaintiff and Defendants ( together the "Parties") hereby enter into this Consent Decree and Order with Attachments (collectively the "Consent Decree and Order") for the purpose of resolving injunctive relief and damages and fees and costs issues in this Lawsuit without the need for protracted litigation.

**JURISDICTION:**

4. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code

sections 17200 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3.

5.  In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all injunctive relief and damages claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief and damages and fees and costs claims against Defendants that have arisen out of the subject Complaint.

7.  The Parties agree and stipulate that corrective physical work as specified below in **Attachment A** (the "Corrective Work") will be performed by Rasputin in compliance with **Attachment A**, and so long as consistent therewith, also in accordance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design. The Parties agree and stipulate that Rasputin will also train certain of its employees (the "Training") as described in **Attachment A**.

   a) **Remedial Measures:** All Corrective Work and Training agreed upon by the Parties is set forth in **Attachment A** which is attached and incorporated herewith. Nothing more sought in the Lawsuit shall be required to comply with this Consent Decree and Order except as otherwise specified below.

   b) **Timing of Injunctive Relief:** Rasputin will submit plans for all

1  Corrective Work requiring permits to the appropriate governmental agencies within
2  90 days of the entry of this Consent Decree and Order by the Court. Rasputin will
3  commence work within 20 days of receiving approval from the appropriate agencies.
4  The Corrective Work identified in **Attachment A** will be completed within <u>six</u>
5  months of entry of this Consent Decree and Order by the Court ("Entry") and the
6  Training will be completed within <u>three</u> months of Entry. Rasputin or its counsel
7  will notify Plaintiff's counsel when the Corrective Work and Training are completed,
8  and in any case will provide a status report to Plaintiff's counsel no later than 90 days
9  from Entry.
10      c)   If Rasputin fails to timely perform the Corrective Work or
11 Training as provided herein, then after a reasonable effort by Plaintiff to meet and
12 confer specifying the failure and allowing 15 days to correct, in the absence of
13 correction Plaintiff may file a motion with the Court to obtain compliance with this
14 Consent Decree and Order. Plaintiff reserves the right to seek additional attorney
15 fees for any compliance work necessitated by Rasputin's failure to perform as
16 required under this Consent Decree and Order. If the Parties disagree, such fees shall
17 be set by the Court.
18 **DAMAGES:**
19      8.   Rasputin shall pay to Plaintiff the amount of sixteen thousand dollars
20 ($16,000) as full and final resolution of Plaintiff's claims for damages ("Plaintiff's
21 Payment") and in consideration for Plaintiff's execution of the releases at
22 **Attachment C**. Payment described in this paragraph shall be made by check payable
23 to "PAUL L. REIN IN TRUST FOR STEVEN POTTER." Plaintiff's Payment shall
24 be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A,
25 Oakland, CA 94612, on or before the later of 10 days following Entry of the Consent
26 Decree and Order or within 10 days of Rasputin's receipt of proper W-9 completed
27 forms provided from Plaintiff's attorneys' office for Plaintiff's Payment and the

28 CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C15-2156 LB                                              - 4 -
SARK\52674\990259.4

Legal Fees payment described in this and the next paragraph. Plaintiff specifically reserves his right to seek additional attorney fees and costs related to delayed payment.

**ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

9. Parties have reached agreement regarding Plaintiff's claims for attorney fees, litigation expenses, and costs ("Legal Fees") which shall be a total of forty-eight thousand dollars ($48,000). Legal Fees shall be due and payable at the same time as Plaintiff's Payment. <u>The Parties jointly stipulate and request that the Court shall dismiss the case promptly upon entry of this Consent Decree and Order</u>. Except as otherwise specifically stated herein, each party will bear its own attorneys' fees and court costs.

**ENTIRE CONSENT DECREE AND ORDER:**

10. This Consent Decree and Order and **Attachment A, Attachment B** (Stipulation for Settlement) and **Attachment C** (General Release), constitute the entire agreement between the signing Parties. The Complaint is a reference to claims dismissed and resolved, but is not itself part of this Agreement. No other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest owning or operating the Music Store. Rasputin has a duty to so notify any such successor-in-interest to the Music Store of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

12. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the Lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

13. Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and

representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until the Corrective Work contemplated by this Consent Decree and Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE**
**AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: ~~January~~ 2/3/16, 2016                    PLAINTIFF STEVEN POTTER

_____
STEVEN POTTER

Dated: January 3̶1̶, 2016                    DEFENDANT RASPUTIN'S RECORDS, INC.;

By: _____

Print name: KENNETH SARACHAN

Title: PRESIDENT

Dated: January 31, 2016                    DEFENDANT KENNETH SARACHAN

_____
KENNETH SARACHAN

APPROVED AS TO FORM ONLY:

Dated: January 21, 2016                    LAW OFFICES OF PAUL L. REIN

By: PAUL L. REIN, Esq.
Attorneys for Plaintiff
STEVEN POTTER

Dated: January 11, 2016                    MILLER STARR REGALIA
                                           A Professional Law Corporation

By: MARK A. CAMERON
Attorneys for Defendants
RASPUTIN'S MUSIC, INC., and
KENNETH SARACHAN

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C15-2156 LB                       - 8 -
SARK\52674\990259.4

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: ~~January __, 2016~~ February 8, 2016

_____
Honorable Laurel Beeler
United States District Magistrate Court Judge

# ATTACHMENT A

(Regarding Rasputin's "Store" located at 2410 Telegraph Avenue, Berkeley, California)

Training - Rasputin will adopt a Store policy whereby disabled shoppers who so request are provided personal shopper assistance. Rasputin will hire and train a reasonable number of personal shoppers. Rasputin will promptly set up a program to train employees who deal with the public on Rasputin's obligations to reasonably accommodate the disabled shoppers in public areas as follows: The personal shopper will stay as long as necessary to aid the disabled shopper. The personal shopper will upon request, accompany the disabled shopper around the store as requested to browse, locate and access Store merchandise. Any disabled shopper's complaint shall be immediately communicated to management which will promptly respond.

Corrective Work - A sign shall be posted that reads "Personal shopping assistance available for the disabled upon request" and this sign shall include the International Symbol of Accessibility in blue. This sign shall be posted in the following Store locations. 1. Main Counter identified in the "Atwood Report" dated 9/24/15 at photo 1.3, page 8 ("Main Counter"); 2. At the bottom of the stairs to the mezzanine; 3. Near the front ice cream counter; 4. Near the elevator on the first floor.

-Additional elevator directional signage in blue shall be posted in two locations on the main floor.

-Should front entry accordion doors be closed during Rasputin's public business hours Rasputin shall install, within 60 days of written notice, a power-assisted door opener on the adjacent swinging entry door.

-The Main Counter shall include a section no higher than 34" and at least 36" long.

-The uneven floor condition adjacent to the basement column identified in the Atwood's Report at section 1.8.2, page 21, will be marked in high visibility yellow paint and adjacent thereto Rasputin will ensure a 36" wide path of travel with cross slopes not to exceed 2%.

-As to that "Ramp between the CD Department and the DVD Department" ("Ramp") depicted in section 1.4.7 to 1.4.9, page 13 of the Atwood Report, Rasputin shall within six months of entry of the Consent Decree close off from the Store, public use of both the Ramp and the physical space at the lowest end of the Ramp ("Ramp Store Section") and shall never thereafter open the Ramp Store Section for public music Store use unless a new ramp compliant with ADAAG and Title 24 access requirements is installed. Rasputin leases the Ramp Store Section so unlike other aspects of this Exhibit A, the Parties agree that Consent Decree and Order jurisdiction and court enforcement power regarding

the Ramp Store Section shall end immediately upon Rasputin terminating music Store public use of the Ramp Store Section.

## ATTACHMENT B

| | | |
|---|---|---|
| Potter, Steven | ) | CASE NO. C15-02156, USDC, Northern Dist |
| | ) | |
| Plaintiff(s), | ) | REF. NO.1100082826 |
| | ) | |
| vs. | ) | STIPULATION FOR SETTLEMENT |
| | ) | C.C.P. § 664.6 |
| Rasputin Records, Inc., et al. | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

This case having come before Hon. Steven A. Brick (Ret.) for mediation at the offices of JAMS, and the parties having conferred, it is hereby stipulated that this matter is deemed settled pursuant to the following terms and conditions:

1. _Rasputin Music, Inc._ shall pay to plaintiff(s) _$16,000_ and to his/her/their attorney _$48,000_ the total sum of $ _64,000_ in full settlement and compromise of this action and in release and discharge of any and all claims and causes of action made in this action, and in release and discharge of any and all claims and causes of action arising out of the events or incidents referred to in the pleadings in this action. _Plus agreed consent decree for disability access improvements._  SHP TSR

2. Plaintiff(s) agree to accept said sum in full settlement and compromise of the action and agree that such payment shall fully and forever discharge and release all claims and causes of action, whether now known or now unknown, which plaintiff(s) has against any and all of the defendants in that action arising out of the incident.  _approved from attached at §4.b.7 B. except for ¶ 8._  RR KF  SHP

This settlement includes an express waiver of Civil Code § 1542, which states:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3. Plaintiff(s) further agree to sign, acknowledge and deliver to defendants a standard form of a

Release of all such claims and causes of action and to sign and deliver to defendants a standard form of Dismissal with Prejudice of the action.

4. Plaintiff(s) shall protect and indemnify the defendants in said action, (and his/her/their liability insurance carrier(s)) against any and all liens, subrogation claims and other rights that may be asserted by any person against the amount paid in settlement of the action or against any recovery by the plaintiff(s) in the action.

5. Counsel for each of the parties to this agreement represents that he/she has fully explained to his/her client(s) the legal effect of this agreement and of the Release and Dismissal with Prejudice provided for herein and that the settlement and compromise stated herein is final and conclusive forthwith, and each attorney represents that his/her client(s) has freely consented to and authorized this agreement.

6. Payment of the stated settlement amount shall be made by as soon as reasonably possible *after stay of Final consent + decree*

7. Unless otherwise stated herein, each party will bear its own attorneys' fees and court costs.

8. Other terms and conditions: *Ex. A included for my'mothre follows — Completion of agreed consent decree and Proposed order to be provided to Magistrate Judge Laurel Beeler. Plaintiff's attorney agrees to cooperate in said preparation without claim to any additional fees and costs. PLR SHP*

*Attorneys to work out Consent Decree final form within 14 days of submit to Judge Beeler; if unable to do so, No further fees. PLR SHP*

9. Any provisions of Evidence Code §§1115 - 1128 notwithstanding, this agreement may be enforced by any party hereto by a motion under Code of Civil Procedure §664.6 or by any other procedure permitted by law in the ~~Superior~~ Court of ~~County of~~ *United States District for the North District of California*. *PLR SHP*

10. The provisions of the confidentiality agreement signed by the parties relative to this mediation are waived for purposes of enforcing this agreement as set forth above.

Date: 1/13/2016

~~Catherine M. Cabalo Esq.~~
~~L/O Paul L. Rein~~

*[signature]*
Paul L. Rein Esq.
L/O Paul L. Rein

1/13/2016 *Approved as to form PLR*
*[signature]*
Mary Anne Cameron Esq.
Miller Starr Regalia

*[signature]*
Stefan Potter

*[signature crossed out]*
Steven Potter

*[signature]* Pres.
Rasputin Records, Inc.

*[signature]*
Kenneth Sarachan

## ATTACHMENT C

## GENERAL RELEASE FORM

Steven Potter ("Plaintiff") enters this General Release ("Release") in connection with a Stipulation to Settle dated January 13, 2016, signed by Plaintiff. Plaintiff hereby fully releases Rasputin Music, Inc. sued as Rasputin's Records, Inc., and Kenneth Sarachan (collectively "Defendants") in connection with Plaintiff's lawsuit filed against Defendants entitled *Steven Potter v. Rasputin's Records, Inc.; Kenneth Sarachan, et al.*; United States District Court Case Number: CV-15-2156LB (the "Lawsuit"). Plaintiff and Defendants are collectively referred to as the "Parties."

It is the intention of Plaintiff to settle and dispose of, fully and completely, all claims and causes of action asserted or which could have been asserted in the Lawsuit, including but not limited to any and all claims which Plaintiff may have against any one or more Releasees as described below which existed prior to the date of execution of this Agreement on any subject.

In consideration for the full and timely payment to Plaintiff or sums required by the Stipulation, Plaintiff, on behalf of himself and on behalf of his spouse, if any, and his assigns, heirs, executors, administrators, partners, partnerships, estates, insurers and trusts, hereby releases and forever discharges Defendants, and Defendants' respective successors, predecessors, assigns, heirs, executors, administrators, attorneys, consultants, experts, management companies, partners, landlords, tenants, partnerships, trusts, guests, agents, franchisors, franchisees, employees, employers, contractors, subcontractors, and insurers, and all Doe defendants fictitiously named in the Lawsuit (collectively the "Releasees") who were, are, or may be liable to Plaintiff, of and from any and all past and current claims, property damage, bodily injury, personal, emotional, physical or mental injuries or damages, demands, causes of action, obligations, liens, taxes, damages, losses, costs, attorneys' fees and expenses of every kind and nature whatsoever, known or unknown, fixed or contingent, which Plaintiff has, may have had, or may in the future have arising out of any past acts or omissions of any one or more Releasees, including but not limited to any and all claims for incidental, consequential, ensuing or resulting injury, loss, damage or subrogation, if relating in any way to any one or more past conditions, incidents, acts, or omissions which occurred, happened, or existed at, near or in connection with those store facilities located at 2401 Telegraph Avenue, Berkeley, California (the "Music Store"), also known as Rasputin's Records, including but not limited to any allegations in the Lawsuit, or which could have been made in the Lawsuit (collectively the "Released Claims").

Plaintiff acknowledges that he has reviewed the terms of this Agreement with his attorney, and that he understands its terms, and understands particularly that there is a risk that, subsequent to the execution of this Agreement, he may discover, or incur, or suffer damages or liability from claims which were unknown or unanticipated claims which, if known by him on the date this Agreement is being executed, may have materially affected his decision to execute this Agreement. Nevertheless, it is the intention of Plaintiff to fully, finally and forever settle and release the matters related hereto notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

    Plaintiff acknowledges that as to the Released Claims he is assuming the risk of such unknown or unanticipated claims and expressly waives the benefit of the provisions of section 1542 of the Civil Code of the State of California, which provides" "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

    Plaintiff represents and warrants to Defendants that Plaintiff has not assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, potential claims, demands, or cause or causes of action disposed of by this Agreement. Plaintiff releases all matters and claims which are or could have been asserted in the Lawsuit. Nothing contained herein or in the Consent Decree and Order shall be construed as an admission by Defendants of any liability of any kind. Defendants deny any liability in connection with any claims. Plaintiff covenants and agrees never to commence and/or prosecute against any other person any legal action based in whole or in part upon any Released Claim.

    Plaintiff represents that his counsel has fully explained to him the legal effect of the Release and of Plaintiff's dismissal with prejudice of all claims not otherwise specified for alteration by Attachment A to the Consent Decree and Order. Plaintiff has freely consented to and authorized this Release. Except as otherwise specifically stated herein or in the Consent Decree and Order, each party will bear its own attorneys' fees and court costs.

    This Release shall be construed and enforced in accordance with California law. Facsimile signatures shall be acceptable as originals. The representations, warranties, promises, and Release contained in this Release shall survive its execution and the dismissal of the Lawsuit.

    This Release is executed voluntarily by Plaintiff without any duress or undue influence on the part of, or on behalf of any of them. Plaintiff has read and fully understands the provisions of this Release and has relied on the advice and representations of legal counsel in entering into this Release. If any portion of this Release is declared by a court of competent jurisdiction to be invalid or unenforceable, such portion shall be deemed severed from this Release, and the remaining part shall remain in full force and effect as if no such invalid or unenforceable provision had been a part of the Release.

    This Release shall bind and inure to the benefit of the all Defendants and Releasees and their respective successors, assigns, transferees, grantees, beneficiaries, legatees, heirs, executors, administrators, and estates.

Dated: ~~January~~ 2/3/16, 2016

By: _/s/ Steven H. Potter_
Steven Potter, Plaintiff